UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RIH ACQUISITIONS MS II LLC
d/b/a BALLY'S TUNICA                                              PLAINTIFF

VS.                                             CIVIL ACTION NO. 2:06CV205

CLARKE POWER SERVICES, INC. and
DEFENDANTS X,Y AND Z                                            DEFENDANTS

## ORDER

This cause comes before the court on the motion of plaintiff, pursuant to 28 U.S.C. § 1447, to remand this case to the Circuit Court of Tunica County. Defendant has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, along with other pertinent authorities, concludes that the motion is well taken and should be granted.

This is a breach of contract action arising out of defendant's allegedly negligent servicing of electric generators located at plaintiff's Tunica, Mississippi casino. Plaintiff filed suit in the Circuit Court of Tunica County on November 3, 2006, and the case was removed to federal court on the basis of diversity jurisdiction. In the present motion to remand, plaintiff does not dispute that diversity of citizenship exists among the parties, nor does it dispute that the $75,000 amount in controversy requirement is met. Instead, plaintiff relies solely on an argument that defendant failed to remove this case within thirty days of its receipt of the state court complaint, as required by 28 U.S.C. § 1446(b). It is undisputed that defendant removed this case on December 11, 2006, but the parties disagree on exactly what date the complaint was served upon defendant.

1

Plaintiff contends that service of the complaint was effected on November 8, 2006, and it has submitted as evidence thereof the proof of service so indicating. In response, defendant offers an affidavit from Darren Short averring that he is defendant's only registered agent for service of process in Mississippi. Short asserts in his affidavit that he was on a business trip on November 8, 2006 and that he did not return to find a copy of the complaint on his desk until November 13, 2006. In rebuttal, plaintiff has submitted an affidavit from Ian Gaston, who is a process server working for the law firm representing plaintiff. In his affidavit, Gaston asserts as follows:

> 5. When I arrived at the Defendant's offices, I announced that I worked for Watkins, Ludlam, Winter & Stennis and that my purpose was to serve a copy of the summons and complaint upon the defendant.
>
> 6. Several employees of the defendant examined the Summons and Complaint. An unidentified male employee stated that he understood the importance of the summons and complaint. The employee stated that he would accept the summons and complaint on behalf of the defendant and he would ensure that the appropriate person or persons received the documents. Based on his representations, the employee appeared to have the requisite authority to accept service on behalf of the defendant and/or its agent for service.

Plaintiff argues that, based on these facts, it effected proper service on November 8, 2006 on an agent who had apparent authority to act for defendant.

**LAW**

Although federal law requires the defendant to file a notice of removal within thirty days of service, the term "service of process" is defined by state law. *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210-21 (5th Cir. 2006). Thus, to determine whether defendant complied with § 1446(b), this court "must look to see what constitutes service of process on a foreign corporation under Mississippi law." *Id.*

The Fifth Circuit's 2005 decision in *Bellsouth* appears to be most pertinent regarding

2

Mississippi law on this issue. The Fifth Circuit in *Bellsouth* concluded that "service of process was not effected when the city's process server left the citation and other papers at the office of BellSouth's authorized agent for service, but on a day when the authorized agent's office was closed." *Id.* at 208. In *Bellsouth*, the plaintiff had left a copy of the complaint in the registered agent's "inbox" during a time when the defendant business was closed for the Christmas holidays, and the Fifth Circuit found that service was not effected until the office re-opened after the holidays. *Id.* Unfortunately, the Fifth Circuit in *Bellsouth* expressly declined to decide the issue herein, namely whether process must be effected "by handing the process papers directly to a person ... who is authorized to accept service." *Id.* at 214. The Fifth Circuit in *Bellsouth* apparently considered the service of process issues in that case to be close and difficult ones, judging by its extensive discussion of sometimes conflicting Mississippi law on this issue.

Defendant relies upon the Mississippi Court of Appeals decision of *Cooley v. Brawner*, 881 So.2d 300, 302 (Miss. App. 2004). In *Cooley*, the Court of Appeals considered the validity of service of process upon a receptionist for a registered agent, based upon the following facts:

> Davis' affidavit, presented by the defense, stated that her duties as receptionist "are simply to answer the phone and to check patients in and out." Davis' affidavit stated that an unidentified female came in the office on February 1, 2002, and delivered an envelope, and that at no time did the woman identify herself or the contents of the envelope. Davis stated that the unidentified woman said that the envelope contained "legal papers" for Dr. Brawner.
>
> Weathers' affidavit stated that she delivered a copy of a complaint and summons for Dr. Brawner to Tupelo Eye Clinic. Weathers stated that she spoke with a female behind the desk and told her that she had "legal papers to serve Dr. Brawner with" and that the female behind the desk told Weathers "to give them to her." Weathers states that the woman never indicated that she was not the proper person to receive the legal papers.

*Cooley*, 881 So.2d at 302. Based on this description, it appears that the record before the Court of

Appeals in *Cooley* was similar to the one presently before this court. The court therefore deems it significant that the Court of Appeals concluded in *Cooley* that:

> The evidence before this Court is insufficient to make a determination that Davis was a de facto agent for Dr. Brawner. In the absence of sufficient factual information, this Court, like the circuit court, must hold that Davis was not the agent of Dr. Brawner. This opinion is not intended to suggest that there can never be such a finding of agency, but merely that the facts before this Court do not justify such a finding.

*Id.* The Court of Appeals thus decided that the record in that case was insufficient to determine whether service of process had been validly effected by serving the agent's receptionist.

Based on *Bellsouth* and *Cooley*, the court concludes that there is no clear authority indicating whether, under the facts of this case, service of process was properly effected in this case on November 8, 2006 or November 13, 2006. This appears to be an exceedingly close issue, particularly considering that, according to Ian Gaston, an unnamed employee of the defendant expressly represented that he would "ensure that the appropriate person or persons received the documents." This clearly raises questions as to apparent authority and serves to make plaintiff's arguments on this issue stronger than those of the plaintiff in *Bellsouth*, where the business in question was closed and no employee asserted a willingness to receive the service. Therefore, the court must somewhat reluctantly conclude that defendant has failed to meet its burden of proof on this issue. In so concluding, the court would emphasize that the Fifth Circuit has held that:

> [W]e emphasize that the burden of establishing federal jurisdiction is placed upon the party seeking removal. ... Moreover, removal jurisdiction raises significant federalism concerns, and we must therefore strictly construe removal jurisdiction.

*Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988)(citations omitted).

While this court's inclination is to not apply procedural rules in a stringent manner, it is apparent from *Bellsouth* that the Fifth Circuit regards these issues as being close and difficult ones.

4

Under these circumstances, this court has serious doubts as to whether this case was timely removed, and it must resolve these doubts in favor of a finding that federal jurisdiction is lacking. While this result is far from ideal, the court does not feel that either party would be served by litigating this case with a jurisdictional cloud hanging over it. Unlike the plaintiff in *Cooley*, defendant will still receive its day in court, albeit not in federal court.

In light of the foregoing, it is ordered that plaintiff's motion to remand [7-1] is granted.

SO ORDERED, this 13th day of June, 2007.